ALLIS-CHALMERS CO. v. WESTINGHOUSE ELECTRIC & MFG. CO.

(Circuit Court of Appeals, Third Circuit. February 6, 1911.)

No. 1,412 (88).

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ELECTRIC RAILWAY MOTOR.
The Schmid patent, No. 609,977, for an electric railway motor, while not of a fundamental character, covers an improvement of utility in the art, and discloses patentable invention; also *held* infringed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by the Westinghouse Electric & Manufacturing Company against the Allis-Chalmers Company. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 180 Fed. 751.

Thomas F. Sheridan, Clifton V. Edwards, and Lawrence K. Sager, for appellant.

W. K. Richardson and H. F. Lyman, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. This is an appeal from the decree of the court below in a suit in which the appellee was the complainant and the appellant the defendant. The bill of complaint asserted the ownership of the complainant in two patents, granted respectively for claimed improvements in electric railway motors. The first of these letters patent is No. 609,977, granted August 30, 1898, to the complainant, as assignee of A. Schmid, and the second is No. 546,560, granted September 17, 1895, to S. H. Short. The bill of complaint charged infringement by the defendant of both these patents, and the answer denied infringement and alleged invalidity of the patents in suit. In its decree, the Circuit Court ordered that the bill be dismissed as to patent No. 546,560, granted to Short, and from that portion of the decree no appeal has been taken. As to claims 1, 2, 3, 4, and 6 of the Schmid patent, No. 609,977, the court decreed the same to be valid and infringed by the apparatus made by the defendant.

In his specifications, the patentee states:

"Another object of my invention is to supply a novel form of separable field-magnet admitting of complete protection and inclosure of the armature and at the same time of ready access to the interior parts of the field-magnet itself.

"Another object of my invention is the provision of a form of motor wherein the field-magnets may be readily inspected and repaired without the removal of the armature from the motor and car, either side of the separable field-magnet being thus capable of inspection and repair.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"By the use of my invention I am further able to dispense with all framework, except that necessary for the carrying of the reduction gears, to cheapen the construction, and to gain certain other advantages more fully set out hereinafter."

Of the eight claims of this patent, those in issue are as follows:

"1. In a railway-motor, the combination with an armature, of a field-magnet constructed in two sections, the upper section being supported by the car-truck and the lower section being hinged to and supported by the upper section and adapted to swing downward, substantially as and for the purpose set forth.

"2. In a railway-motor, the combination with an armature, of a field-magnet constructed in two sections, the upper section being spring-supported on the car-truck and the lower section being hinged to and supported by the upper section and adapted to swing downward, substantially as and for the purpose set forth.

"3. In an electric car, a motor having a horizontally-divided field-magnet, one member of which is sleeved at one end upon an axle of the car, the other member being hinged to the first named member at one end and removably fastened thereto at its other end independently of the axle-bearing, substantially as described.

"4. An electric motor, having a horizontally-divided field-magnet, the upper portion of which is provided with an axle-bearing at one end and the lower portion of which is hinged to said upper portion, independently of said axle-bearing, whereby it may be swung downwardly without disturbing said bearing.

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

"6. In a motor for electric cars, the combination with the armature, of a field-magnet comprising an upper section supported by the car-truck and a lower section hinged to said upper section, and means whereby the armature may be supported by either section when the lower section is swung downward, substantially as described."

Much testimony was introduced by the defendant, in support of his contention that this patent is invalid, by reason of anticipation and for want of patentable invention, in view of the prior art, and counsel for the defendant have supported this contention with much ingenuity and ability. The clear and satisfactory discussion of this and other defenses by the learned judge of the court below, renders it unnecessary to support by a separate opinion the conclusions reached by that court (180 Fed. 751), with which, after a careful consideration of the record and arguments, we agree.

We content ourselves with saying, as to the question of patentable novelty, that the patent in suit, though by no means fundamental or basic in its character, sets forth and describes in the claims referred to and the accompanying specifications, a form of electric railway-motor that has approved itself as a new and useful improvement in the art. A number of the elements of this combination are undoubtedly old, but, by reason of its compact unitary structure and easy accessibility for purposes of inspection and repair, and other advantages, it has achieved a result which entitled it to be characterized as an advance in the art for which patentable invention is properly claimed.

Agreeing with the court below, that this patent has been infringed, the interlocutory decree appealed from is hereby affirmed.